## STATE OF CALIFORNIA v. UNITED STATES.

### No. 27923.

United States District Court,
N. D. California, S. D.

April 7, 1950.

Fred N. Howser, Attorney General of the State of California, Harold B. Haas, Deputy Attorney General, Miriam E. Wolff, Deputy Attorney General, Hauerken & St. Clair, San Francisco, Cal., attorneys for plaintiff.

Frank J. Hennessy, United States Attorney, and C. Elmer Collett, Assistant United States Attorney, San Francisco, Cal., attorneys for defendant.

GOODMAN, District Judge.

This is an action by the State of California, under the Federal Tort Claims Act,

60 Stat. 842, 28 U.S.C.A. §§ 1346(b, c), 2671–2680, to recover for damage done to its pier by a United States' vessel. The United States has filed a cross-complaint for the damage to its vessel. The State now seeks a dismissal of the cross-complaint on the ground that the State has not consented to be sued.

The attorneys for the State of California have apparently overlooked the fact that the United States has frequently sued the States of the Union without securing their express consent. See, e. g. United States v. State of North Carolina, 1890, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; United States v. State of Texas, 1892, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285; United States v. State of Michigan, 1903, 190 U.S. 379, 23 S.Ct. 742, 47 L.Ed. 1103; United States v. State of Minnesota, 1926, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; United States v. State of Utah, 1931, 283 U.S. 64, 51 S.Ct. 438, 75 L.Ed. 844; United States v. State of Oregon, 1935, 295 U.S. 1, 55 S.Ct. 610, 79 L.Ed. 1267. Indeed, in one of the most recent and notable of those suits California, itself, was the defendant. United States v. State of California, 1947, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889. It has long been settled that the consent of the States to suits against them by the United States is inherent in the Constitutional plan. United States v. State of Texas, 1892, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285. See also Principality of Monaco v. State of Mississippi, 1934, 292 U.S. 313, 329, 54 S.Ct. 745, 78 L.Ed., 1282; Coleman, The State as Defendant, 31 Harvard Law Review, 210, 224 (1917).

While the majority of the suits by the United States against a State have been original suits in the Supreme Court, the original jurisdiction accorded that tribunal by the Constitution is not exclusive. 28 U.S.C.A. § 1251(b) (2). The Congress may vest in the inferior courts of the United States jurisdiction of suits to which a State is a party. United States v. State of California, 1936, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567; State of Minnesota v. United States, 8 Cir., 1942, 125 F.2d 636, affirming, D.C., 1939, 27 F.Supp. 167. The Congress has vested in the District Courts jurisdiction of civil actions on tort claims against the United States, 28 U.S.C.A. § 1346(b). This jurisdiction includes "jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff." 28 U.S.C.A. § 1346(c).

The motion of the State to dismiss the United States' cross-complaint is denied.